UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL JEFFERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Nos. 3:10-CR-53-TAV-HBG |
| v. | ) | 3:12-CR-113 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This case has been referred [Doc. 439][1] to undersigned for a report and recommendation regarding disposition by the District Court. An evidentiary hearing was held before the Court on September 23, 2015 on Petitioner's consolidated *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 390] and Motion in Lieu of Appeal [Doc. 391]. Assistant United States Attorney David Lewen appeared on behalf of the Government. Attorney James Varner appeared on behalf of the Defendant, who was also present. The Court took the motions, response, testimony, and argument under advisement on September 23, 2015. For the reasons set forth herein, the Court **RECOMMENDS** that Petitioner's motions be **DENIED**.

### I. BACKGROUND

On June 6, 2010, a grand jury returned a 12-count Second Superseding Indictment, charging 12 different individuals, including Petitioner, in a conspiracy to traffic cocaine and commit money laundering. [Doc. 6]. Petitioner pled guilty to six felony counts arising out of his role in the conspiracy. [Doc. 194]. Petitioner's plea was pursuant to an Amended Plea Agreement with the Government. [Doc. 199]. On April 13, 2011, the District Court sentenced

---

[1] All citations to the record are found on the docket of Case No. 3:10-CR-53-TAV-HBG.

Petitioner to 210 months' imprisonment, followed by three years of supervised release. [Doc. 272]. The District Court entered the judgment of conviction the following day. [Doc. 273]. Attorney Jonathan Cooper ("Attorney Cooper") represented Petitioner at all times, up to and including entry of judgment.

Petitioner filed a *pro se* notice of appeal on August 1, 2011 [Doc. 354], but the appeal was dismissed as untimely by the Court of Appeals for the Sixth Circuit [Doc. 379]. Thereafter, on March 2, 2012, Petitioner filed the motions now before the Court, namely a form Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 390] and a Motion in Lieu of Appel [Doc. 391]. United States Magistrate Judge C. Clifford Shirley Jr., found the latter motion "should be considered as a part of and in conjunction with" Petitioner's § 2255 motion and ordered that the motions be consolidated. [Doc. 396]. The Government filed a response objecting to Petitioner's request for relief under section 2255. [Doc. 401]

Pursuant to Rule 8 of the 2255 Rules, the District Court found that Petitioner was entitled to an evidentiary hearing on his motions for the limited purpose of determining whether Petitioner requested Attorney Cooper to file a direct appeal on Petitioner's behalf and referred the matter to the undersigned. [Doc. 439]. Accordingly, an evidentiary hearing was held on September 23, 2015.

## II. POSITIONS OF THE PARTIES

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2255 because Attorney Cooper failed to file a direct appeal on his behalf. [Docs. 390 at 3; 391 at 4]. Specifically, Petitioner submits that an appeal was discussed prior to sentencing and that immediately following the sentencing hearing, Petitioner made an explicit request to Attorney Cooper that the case be appealed. [Docs. 390 at 3; 391 at 4-5]. Petitioner argues that counsel

2

informed him "at all times that he would indeed file an appeal." [Docs. 390 at 3]. As a result of Attorney Cooper's failure to do so, Petitioner maintains he is entitled to relief based upon ineffective assistance of counsel. [Docs. 390 at 4; 391 at 9].

The Government concedes that a defendant is typically entitled to a delayed direct appeal, regardless of the appeal's merit, when defense counsel is instructed but fails to file an appeal. [Doc. 401 at 5]. Nonetheless, the Government argues that Petitioner cannot establish that Attorney Cooper's performance was deficient because Petitioner explicitly waived his right to an appeal when he entered into a plea agreement with the Government. [Id. at 5-6]. For the same reason, the Government argues that the Petitioner was not prejudiced because had an appeal been made, the Government would have moved to dismiss the appeal and the Sixth Circuit Court of Appeals would have likely granted the dismissal due to the Amended Plea Agreement's appellate-waiver provision. [Id. at 6].

### III. SUMMARY OF THE TESTIMONY

During the September 23, 2015 evidentiary hearing, Petitioner testified that he had concerns about some of the information contained in the Presentence Investigation Report, which the District Court had adopted at sentencing. Petitioner stated that although he addressed these concerns with Attorney Cooper prior to sentencing, he still did not feel satisfied with the outcome at sentencing. As a result, Petitioner "wanted to see if there was some kind of relief" he could obtain or paperwork he could file. Petitioner testified that following the sentencing hearing, while they were still seated at counsel table, he asked Attorney Cooper to appeal his case. More specifically, Petitioner asked Attorney Cooper, "Is there anything I can do to better myself on the sentence?" Petitioner was under the impression that Attorney Cooper was going to walk back to the holding cell after the hearing to talk to Petitioner about an appeal. Counsel,

3

however, did not visit the Plaintiff after the hearing and no further contact between the two occurred. Petitioner testified that following the sentencing hearing, he had no phone access for several months and once he was able to make a phone call, he contacted his mother and instructed her to call Attorney Cooper to verify whether he had filed some sort of relief on Petitioner's behalf.

On cross-examination, Petitioner explained that leading up to sentencing, he had expressed concerns to counsel about "certain stuff" Petitioner disagreed with in regard to information contained in the Presentence Investigation Report. Immediately following sentencing, Petitioner was expecting Attorney Cooper to come back to the holding cell "so we can talk more about what I really wanted to do in my arguments on where I was going with it." Petitioner testified that Attorney Cooper "knew if I had a chance to try to get a better deal, some type of relief in my case, that I wanted it. That is what I felt, and I felt that he felt that way."

In response to direct questioning by the Court as to precisely what Petitioner stated to Attorney Cooper in regard to Petitioner's desire to file an appeal, Petitioner stated:

> I am going to be honest. I don't really recall exactly the words that I even used or [Attorney Cooper] even used. That was the whole reason why I was under, I was under the impression that [Attorney Cooper] would come see me in the chambers in the back, when I got to the back, and then we would furthermore communicate, elaborate on what I was really trying to do. To say that I actually told him then what I was really trying to do, no, I didn't. . . . I thought he would come to the holding tank back there and call me out for an attorney-client visit, then I would be able to put clearly to him what I wanted to do, how I wanted to do it. I never got that chance at the time because he never came.

Also during the September 23, 2015 hearing, Attorney Cooper testified that Petitioner never indicated a desire to appeal and never personally directed him to file an appeal. According to Attorney Cooper, the only time an appeal was discussed was prior to sentencing

4

and only in the context that an appeal would not be possible if Petitioner entered into a plea as the plea agreement would contain an appellate-waiver provision. With regard to what, if any, discussions that took place following sentencing, Attorney Cooper testified that Petitioner "did not ask me to file an appeal after sentencing." Attorney Cooper stated, "The first time I had any indication he was wishing to file an appeal was when I was contacted by his mother in late June or early July [2011] and she indicated to me that her son, Mr. Jefferson, wanted to file an appeal." Although the time to file an appeal had expired, Attorney Cooper stated that he wrote the Petitioner a letter,[2] explaining the time for filing had run, but that the court of appeals could choose to waive the 14-day time limit.

On cross-examination, Attorney Cooper confirmed that he had no contact with Petitioner subsequent to sentencing. He reiterated that Petitioner had given him no indication that Petitioner desired to speak with Attorney Cooper after the hearing, and Attorney Cooper did not tell Petitioner he would come see him. Attorney Cooper explained he did not know Petitioner wanted to file an appeal. However, after speaking with Petitioner's mother, Attorney Cooper sent Petitioner a letter "out of an abundance of caution" in the event that Petitioner's mother was being truthful about Petitioner's desire to appeal.

## IV. ANALYSIS

In pertinent part, Section 2255(a) of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside the sentence, if "the sentence was imposed in violation of the Constitution." In order to obtain relief for an alleged constitutional error, the record must reflect

---

[2] The letter, dated July 15, 2011, included information and the necessary forms for Petitioner to file a *pro se* notice of appeal. The letter was not introduced into evidence but was already made part of the record as it is attached as Exhibit 1 to Petitioner's Motion in Lieu of Appeal. [Doc. 391-1 at 2].

5

a constitutional error of such magnitude that it "had a substantial and injurious effect or influence on the proceedings." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)). The burden is on the petitioner to establish the claims arising out of the petition. Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977).

When the alleged constitutional error is ineffective assistance of counsel, the petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1987). Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). That is, the petitioner must: (1) establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," Strickland, 466 U.S. at 687, as measured by "prevailing professional norms," Rompilla v. Beard, 545 U.S. 374, 380 (2005); and (2) demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

The Government avers that Petitioner had explicitly waived his right to appeal when he pled guilty. [Doc. 401 at 6]. In support of its argument, the Government cites to the signed Amended Plea Agreement that states:

> In consideration of the concessions made by the United States in this agreement and as a further demonstration of [petitioner's] acceptance of responsibility for the offense(s) committed, [petitioner] agrees not to file a direct appeal of [his] conviction(s) or sentence except [petitioner] retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

[Doc. 199 at 11, ¶15(a)]. The Government argues that Petitioner's sentence did not exceed the applicable mandatory minimum sentence so the appellate-waiver provision in the plea agreement would have barred any appeal. [Doc. 401 at 6]. The Government further argues that if an appeal had been filed, the United States would have filed a motion to dismiss based on the appellate-

6

waiver provision, and such a motion would likely have been granted. [Id.] (citing United States v. Sharp, 442 F.3d 946, 949-52 (6th Cir. 2006) (dismissing an appeal where the defendant had waived the right to appeal when he pleaded guilty)).

The Court finds that the "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998). This is true even when a defendant signs a plea agreement that contains an appellate-waiver provision. See Campbell v. United States, 686 F.3d 353, 359 (6th Cir. 2012) ("'[R]egardless of the merits of [the defendant's] substantive claims,' he would be entitled to relief under § 2255 if the district court on remand determined that there was 'an actual request for an appeal'") (quoting Wright v. United States, 320 F. App'x 421, 426 (6th Cir. Apr. 8, 2009)). However, a defendant's actual "request" is still a critical element in the Sixth Amendment analysis. See Regalado v. United States, 334 F.3d 520, 524-526 (6th Cir. 2003) (finding that a failure to file an appeal is not ineffective assistance of counsel where the attorney was not specifically instructed to do so).

In this case, the Court finds that Petitioner failed to meet his burden to prove by a preponderance of the evidence that he requested Attorney Cooper to file an appeal on his behalf. While Petitioner argues in his motions that he made it expressly clear he wanted to file an appeal, Petitioner testified during the evidentiary hearing that he made no such explicit request. Instead, Petitioner clarified he could not "really recall" the exact language he used following the sentencing hearing but asked Attorney Cooper, "Is there anything I can do to better myself on the sentence?" This vague question, if in fact asked as Petitioner could not recall precisely what he said, is insufficient to have put Attorney Cooper on notice that Petitioner desired to appeal his sentence. Moreover, Petitioner's concession to the Court that he did not actually tell Attorney

7

Cooper what Petitioner wanted to do because he intended to do so at a later meeting which never occurred, leads the Court to find that Petitioner did not ask for an appeal.

The Court further finds Petitioner's credibility on the matter questionable due to other inconsistencies made by Petitioner. Specifically, Petitioner maintains in his motion that he made an "emergency" telephone call sometime after sentencing to remind Attorney Cooper about the appeal, but that counsel refused to speak with Petitioner over the phone concerning the matter. [Doc. 391 at 5-6]. At the hearing, however, Petitioner testified that after sentencing, he had no contact with Attorney Cooper, which is why he requested that his mother call counsel to inquire about the status of his appeal. Attorney Cooper likewise confirmed that there was no direct communication between him and Petitioner until he wrote a letter to Petitioner after receiving a phone call from Petitioner's mother. The inconsistencies between what Petitioner alleges in his motion and what he testified to during the hearing diminishes Petitioner's claim that he requested Attorney Cooper to file an appeal.[3]

The Court also finds that Attorney Cooper could not have reasonably anticipated that Petitioner desired to appeal. First, Attorney Cooper testified that prior to sentencing, he and Petitioner only talked about an appeal in the context that an appeal could not take place if Petitioner entered into the proposed plea agreement, as the agreement would contain an appellate-waiver provision. The Court credits this testimony, as Petitioner testified that Attorney Cooper had gone over all provisions of the plea agreement, including the appellate-waiver provision. Second, the letter [Doc. 391-1 at 2] Attorney Cooper wrote to Petitioner suggests that Attorney Cooper was under no impression that Petitioner wanted to appeal his case until Petitioner's mother spoke with Attorney Cooper over the phone. Finally, Attorney Cooper

---

[3] The Court notes that attached to both of Petitioner's motions are Affidavits signed by Petitioner but are not notarized. [Docs. 390 at 7; 391 at 11]. Accordingly, the documents are unsworn declarations that are made under penalty of perjury. 28 U.S.C. § 1746.

8

testified several times that at no time did Petitioner personally direct him to file an appeal. Nor did Petitioner give any indication he wished to speak with Attorney Cooper after the sentencing hearing, and Attorney Cooper never told Petitioner he was going to come see him. Petitioner's testimony that he was expecting to talk to Attorney Cooper after the hearing "to put clearly to him what I wanted to do, how I wanted to do it," is further telling that Petitioner was unclear in his intentions or any statements he may have made to Attorney Cooper. Therefore, there is no basis upon which the Court could find that Attorney Cooper should have anticipated or understood that Petitioner wanted him to file an appeal.

Based upon the foregoing, the Court finds that Petitioner has failed to show by a preponderance of the evidence that he asked Attorney Cooper to file an appeal. Accordingly, because Attorney Cooper never received an express instruction to file an appeal, nor could he have reasonably surmised that Petitioner wanted to appeal, Petitioner's ineffective assistance of counsel claim fails the first prong of the Strickland test. Thus, the Court need not address Strickland's second prong.

## V. CERTIFICATE OF APPEALABILITY

The District Judge has also directed [Doc. 439, p. 5] the undersigned to make a recommendation regarding whether the Court should issue a certificate of appealability with regard to all issues raised by the Petitioner in his § 2255 motion. Pursuant to 18 U.S.C. § 2253(c)(1)(B), an appeal of the final order in a proceeding under § 2255 may not be taken to the appellate court unless a certificate of appealability is issued. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 18 U.S.C. § 2253(c)(2).

In the instant case, Petitioner has raised two issues in his motions: (1) that he received ineffective assistance of counsel because Attorney Cooper did not file a direct appeal of Petitioner's sentence despite Petitioner asking counsel to do so, and (2) that Attorney Cooper violated Petitioner's right to due process of law as a result of counsel's failure to file an appeal.

As to Petitioner's first claim, the Court has determined that the Petitioner did not ask his attorney to file a direct appeal, nor was there a basis for finding that counsel should have anticipated or understood that Petitioner wanted to file an appeal. Therefore, Petition has failed to make a substantial showing that he has been denied a constitutional right. Because Petitioner has failed to show that Attorney Cooper's representation was deficient, Petitioner's second claim, that his due process rights were violated, must also fail for the same reason. Accordingly, the Court finds that the Petitioner has failed to make a substantial showing of a denial of a constitutional right for the two claims he raises in his § 2255 motion and supplemental motion.

Therefore, the Court recommends that the District Judge deny a certificate of appealability in this case.

## VI. CONCLUSION

For the reasons expressed herein, the Court **RECOMMENDS**[4] that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [**Doc. 390**] and Motion in Lieu of Appeal [**Doc. 391**] be **DENIED** and that no certificate of appealability be issued with regard to any of the Petitioner's claims in his § 2255 motion [**Doc. 390**] or his supplemental motion [**Doc. 391**].

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).