| | | | |
|---|---|---|---|
| MICHAEL JEFFERSON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CR-53-TAV-HBG |
| | ) | | 3:12-CV-113-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION & ORDER**

This matter is before the Court for consideration of the Report and Recommendation entered by United States Magistrate Judge H. Bruce Guyton ("R&R") [Doc. 449].[1] The R&R addresses Petitioner's motion pursuant to 28 U.S.C. § 2255 and motion in lieu of appeal [Docs. 390, 391]. Magistrate Judge Guyton held an evidentiary hearing to address whether Petitioner requested his attorney to file a direct appeal on Petitioner's behalf [Doc. 449], and he then issued the R&R, recommending that the Court deny Petitioner's motions and decline to issue a certificate of appealability. Petitioner filed an objection to the R&R [Doc. 453], and the government responded to that objection [Doc. 456]. For the reasons that follow, the Court will overrule Petitioner's objection, accept the R&R, and deny Petitioner's request.

---

[1] All citations to the record are found on the docket of Case No. 3:10-CR-53-TAV-HBG.

## I. Standard of Review

The Court reviews *de novo* those portions of the R&R to which Petitioner has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court considers the motion, underlying and supporting briefs, government's response, evidence, R&R, and objections, all in light of the applicable law.

## II. Analysis

Petitioner takes no issue with the magistrate judge's statement of the law or summary of the testimony [Doc. 453 p. 1]. Rather, Petitioner objects to the magistrate judge's analysis and his conclusion that Petitioner's claim should be denied [*Id.*].

The Court has reviewed the magistrate judge's analysis and agrees with it entirely. Petitioner did not expressly ask his counsel to file an appeal within the time for doing so and he has agreed that any statement made to his counsel about "his desire for further proceedings" was ambiguous. Under controlling Sixth Circuit precedent, the magistrate judge was correct to determine Petitioner failed the first prong of the *Strickland* analysis. *See Regalado v. United States*, 334 F.3d 520, 524–56 (6th Cir. 2003) (affirming the district court's decision to deny the petitioner's § 2255 motion in which the petitioner asserted she desired to appeal because the petitioner's counsel was never expressly instructed to file an appeal).

The Court also finds unavailing Petitioner's assertion that he is entitled to relief because he was unaware of "the intricacies of criminal procedure" and because counsel did not meet with him after the sentencing hearing. First, the record indicates that

2

Petitioner's counsel did consult with Petitioner about an appeal prior to sentencing, discussing that an appeal would not be possible if Petitioner entered into the plea agreement with an appellate-waiver provision. Second, although Petitioner was under the impression that counsel would visit Petitioner in his holding cell after the hearing, there is nothing in the record that indicates counsel informed Petitioner that he would in fact visit him, nor is the Court aware of any duty requiring counsel to visit Petitioner after the sentencing hearing to discuss a possible appeal.

### III. Conclusion

Accordingly, upon *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. Petitioner's objection [Doc. 453] is **OVERRULED.** The Court **ACCEPTS in whole** the R&R [Doc. 449] and incorporates it into this Memorandum Opinion and Order. The Court further **DENIES** Petitioner's § 2255 motion and motion in lieu of appeal [Docs. 390, 391].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE